**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION AT PLANO**

| | |
|---|---|
| **KIMBERLY STARLING,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**SOUTHERN HILLS PROPERTY GROUP LLC**<br><br>*Defendant.* | Case No. 4:26-cv-1004<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT OF PLAINTIFF KIMBERLY STARLING</u>**

COMES NOW, SOUHTERN HILLS PROPERTY GROUP, LLC ("Defendant") and states as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #1**

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #2**

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written

consent and by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #3**

## PARTIES

4. Plaintiff Kimberly Starling is an individual residing in the Texas.

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #4**

5. Defendant Southern Hills Property Group LLC is a limited liability company with headquarters in Collin County, Texas.

**Defendant admits the allegations in Paragraph #5**

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

**Defendant admits the allegations in Paragraph #6**

7. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides within this district.

**Defendant admits the allegations in Paragraph #7**

## BACKGROUND

### A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #8**

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #9**

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #10**

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #11**

12. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #12**

13. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

**Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph #13**

14. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**C. The Texas Business and Commerce Code**

**Paragraph #14 states a legal conclusion which may or may not be true**

15. Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations"

inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

**Paragraph #15 states a legal conclusion which may or may not be true**

16. Under the Code, a "telephone call" includes both voice calls and text message calls, including visual messages. *Id*. § 304.002(10).

**Paragraph #16 states a legal conclusion which may or may not be true**

17. The burden of proof lies on Defendant to show it registered each business location to prove its licensure or on proving an exemption. *Id*. § 302.051.

**Paragraph #17 states a legal conclusion which may or may not be true**

18. The sale of contacts is not a product or service for which there is an exemption to the Code. *Id*. § 302.051.

**Paragraph #18 states a legal conclusion which may or may not be true**

## FACTUAL ALLEGATIONS

19. Plaintiff Kimberly Starling is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Paragraph #19 states a legal conclusion which may or may not be true**

20. At no point did Plaintiff expressly consent to receiving telemarketing calls from Defendant Southern Hills Property Group.

**Paragraph #20 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

21. Plaintiff's telephone number is a residential, non-commercial telephone number.

**Paragraph #21 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

22. Plaintiff uses the telephone number for personal, residential, and household purposes.

**Paragraph #22 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

23. The number is assigned to a residential telephone exchange service for consumers and not to a telephone exchange service for businesses.

**Paragraph #23 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

24. The telephone number is assigned to a cellular service that is presumptively residential and was eligible for registration on the National Do Not Call Registry at all times relevant herein.

**Paragraph #24 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

25. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than one year prior to the calls at issue.

**Paragraph #25 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

26. Despite that fact, Plaintiff received multiple telemarketing calls from or on behalf of Defendant Southern Hills Property Group concerning a property located at 701 Reed Road, Perrin, Texas, and referencing an individual named Shane Rudibaugh.

**Paragraph #26 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

27. On March 7, 2023, at approximately 10:26 a.m., Plaintiff received a call from telephone number 817-396-5815 in which the caller identified the business as the illegally and fictitiously named "Homebuyers Inc." and asked for Shane Rudibaugh regarding the Perrin, Texas property. The call included music before a live agent came on the line.

**Paragraph #27 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

28. On March 10, 2023, at approximately 12:21 p.m., Plaintiff received a call from telephone number 214-253-4553 from an individual identifying himself as Nathan.

**Paragraph #28 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

29. Nathan provided the callback telephone number 469-961-2254 and stated that a "property specialist" named Giovanni would follow up, identifying his business as Southern Hills Homebuyer.

**Paragraph #29 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

30. Later that same day, on March 10, 2023, at approximately 2:47 p.m., Plaintiff received a call from telephone number 469-961-2254 from Giovanni Prado, who stated that he had spoken with Nathan.

**Paragraph 30 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

31. Thereafter, on March 10 and 15, 2023, the Plaintiff sent multiple correspondences to the Defendants inquiring as to why she was receiving illegal calls and to get them to stop.

**Paragraph #31 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

32. Despite this, on at least December 21, 2023, Plaintiff received two additional telemarketing calls from an individual identifying himself as Nathan with the illegally and fictitiously named "NTX Homebuyers" from telephone number 214-949-1865, again regarding the Perrin, Texas property.

**Paragraph #32 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

33. The calls all came from the following numbers. Counsel for the Plaintiffs has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendants' calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 817-396-5815 | Y | CRESSON TX | IP Horizon |

| | | | |
|---|---|---|---|
| 214-253-4553 | Y | BRANDON BEATTY | Twilio |
| 214-949-1865 | Y | BRANDON BEATTY | Twilio |

**Paragraph #33 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

34. As the aforementioned chart shows, the CNAM transmitted by the ultimate

**Paragraph #34 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

35. telephone carriers provided CNAM functionality, but provided inaccurate CNAM functionality, using geographic locations or random person's names, instead of the Defendant's name and numbers.

**Paragraph #35 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

36. Each call advertised Defendant's real estate acquisition and brokerage services, including cash offers and property listings, and therefore constituted telemarketing.

**Paragraph #36 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

37. Defendant is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying any of the names herein as either a DBA or seller name returns no results).

**Paragraph #37 states a legal conclusion for which Defendant lacks information or knowledge sufficient to admit or deny the allegation**

38. Plaintiff never provided consent or requested the calls.

**Paragraph #38 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

39. The calls were unwanted and nonconsensual encounters.

**Paragraph #39 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

40. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**Paragraph #40 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

41. As a result of Defendant's conduct, Plaintiff has been harmed because the calls were annoying, harassing, and a nuisance, and because they occupied Plaintiff's telephone line and attention, rendering it unavailable for legitimate personal communications.

**Paragraph #41 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**Paragraph #42 Does not require a response**

43. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of its goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request to Defendant during regular business hours, (4) within the four years prior to the filing of the Complaint.
>
> **Texas Business and Commerce Code Class:** All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as telephone solicitors with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **<u>Internal Do Not Call Class:</u>** All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Paragraph #43 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

**44.** **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

**Paragraph #44 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

45. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

**Paragraph #45 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

46. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

**Paragraph #46 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

c. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

d. Whether Defendants continued calling after having been asked to stop; AND

e. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**Paragraph #47 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

48. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

**Paragraph #48 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

49. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**e. Paragraph #49 Defendant lacks information or knowledge sufficient to admit or deny the allegation**

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

50. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

52. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

53. These violations were willful or knowing.

54. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

55. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**Paragraph #50-55 states legal conclusions and facts to which Defendant lacks information or knowledge sufficient to admit or deny the allegation**

**COUNT II**

**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

56. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

~~58. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).~~

59. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

60. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, and without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

61. These violations were willful or knowing.

62. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

63. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**Paragraph #56-63 states legal conclusions and facts to which Defendant lacks information or knowledge sufficient to admit or deny the allegation**

**COUNT III**
**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

64. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

65. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

66. Defendant's violations were negligent, willful, or knowing.

67. As a result of Defendant's violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

**Paragraph #64-67 states legal conclusions and facts to which Defendant lacks information or knowledge sufficient to admit or deny the allegation**

**COUNT IV**
**Violation of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**Paragraph #69-72 states legal conclusions and facts to which Defendant lacks information or knowledge sufficient to admit or deny the allegation**

Respectfully submitted,
**LAW OFFICES OF ROBERT D. WILSON, P.C.**

Dated: 08/28/2026

By: /s/ Robert D. Wilson

Robert D. Wilson
State Bar No. 00789823
1900 Preston Road
Suite 267-72
Plano, Texas 75093
214-637-8866 (Tel)
214-975-1618 (Fax)
rwilson429@aol.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2026 in compliance with the Federal Rules of Civil Procedure, I electronically filed the foregoing Defendant's Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following attorneys who are known to represent the United States of America and the corresponding defendants.

/s/ Robert D. Wilson
Robert D. Wilson, Attorney for Defendant